IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DARRYL D. EVANS,

    Plaintiff,

v.

ATLANTA PUBLIC SCHOOLS,

    Defendant.

CIVIL ACTION FILE NO.

1:15-cv-3652-TWT-CMS

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Atlanta Public School's Motion to Set Aside the Clerk's Entry of Default (Doc. 19) and Plaintiff Darryl D. Evans's Motion for Entry of Default Judgment (Doc. 20). For the reasons discussed below, I **RECOMMEND** that Defendant's Motion to Set Aside the Clerk's Entry of Default (Doc. 19) be **GRANTED** and that Plaintiff's Motion for Entry of Default Judgment (Doc. 20) be **DENIED**.

Plaintiff is proceeding pro se in this matter. On October 26, 2015, I granted Plaintiff's request to proceed in forma pauperis, and the Clerk docketed Plaintiff's Complaint that day. (Docs. 3, 4). On December 9, 2015, the Clerk mailed a Notice of Lawsuit and Request for Waiver of Service of Summons to Defendant. (Doc. 10). On February 5, 2015, an executed Waiver of Service of Summons (the

"Waiver") was filed. (Doc. 13). The Waiver is dated January 7, 2015, and is signed by Marquetta T. Bryan, identified only as "Counsel for APS." (Id.). The Waiver states, in relevant part, that the signatory understands "that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not filed with the court and served upon you within 60 days after **12/8/2015**." (Doc. 13 at 2) (emphasis in the original). No attorney filed an entry of appearance on behalf of Defendant; only the signed Waiver was filed.

On February 11, 2015, Plaintiff filed a document titled "Notice of Filing" (the "Notice"), correctly stating that the deadline for filing a responsive pleading was February 8, 2016, and that Defendant had missed the deadline.[1] (Doc. 15). In the Notice, Plaintiff asked the Court to enter judgment on his behalf. (Id.). On February 24, 2016, I construed the Notice as a request for a clerk's entry of default under Federal Rule of Civil Procedure 55(a), and I directed the Clerk's Office to enter default and to mail a copy of my Order to Defendant. (Doc. 17). The Clerk entered default on February 25, 2016, and mailed the Order to Defendant on the same day.

---

[1] Sixty days after December 8, 2015, is Saturday February 6, 2016. Monday, February 8, 2016, is the first business day following the expiration of the 60-day period. Defendant's answer deadline, therefore, was February 8, 2016.

2

On March 4, 2016, Defendant filed its Motion to Set Aside the Clerk's Entry of Default, along with a supporting affidavit from Ms. Bryan. (Doc. 19). In the affidavit, Ms. Bryan attests that after she signed and returned the waiver of service form in this matter, she tasked an associate with preparing a response to Plaintiff's Complaint. (Doc. 19-1, Bryan Aff. ¶ 6). Ms. Bryan attests that the associate attempted to communicate to Ms. Bryan that the associate was too busy to respond to the Complaint, but the message was not clearly communicated to Ms. Bryan, who was under the incorrect impression that the associate was handling the response to the Complaint. (Id. ¶¶ 7-9). Because of this miscommunication, her firm failed to file a timely response to the Complaint on Defendant's behalf. (Id. ¶ 10). Ms. Bryan states that she discovered this miscommunication on March 4, 2016, the same day she learned of the entry of default in this matter. (Id. ¶ 11). Defendant argues that there is good cause to set aside the entry of default because: (1) the default was not willful but rather, resulted from a miscommunication between a supervising attorney and an associate; (2) Plaintiff will suffer no prejudice from setting aside the entry of default because there has only been a slight delay in the proceedings; and (3) Defendant has meritorious defenses to Plaintiff's claims. (Doc. 19).

On March 10, 2016, Plaintiff filed a Motion for Entry of Default Judgment arguing that default judgment is proper in light of Defendant's failure to file a timely response to the Complaint.  (Doc. 20).  Plaintiff attempts to argue that he would be prejudiced by granting Defendant's motion, but in doing so, he points only to Defendant's discriminatory actions underlying his lawsuit—not to any prejudice that would result from granting Defendant's motion to set aside the default.  Plaintiff also argues that a miscommunication by Defendant's counsel does not constitute excusable neglect, pointing out that counsel had a duty and a responsibility to respond to the Complaint and that the attorney's signature on the Waiver shows that the attorney knew about the deadline.  (Doc. 20 at 3-4).

"The court may set aside an entry of default for good cause[.]"  Fed. R. Civ. P. 55(c).  The defaulting party bears the burden of establishing "good cause." African Methodist Episcopal Church, Inc. v. Ward, 185 F.3d 1201, 1202 (11th Cir. 1999).  "Good cause" is a mutable and liberal standard, varying from situation to situation. Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996).  In determining whether "good cause" is present, courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, whether the defaulting party presents a meritorious defense, and whether the defaulting party

4

acted promptly to correct the default. Id. "Whatever factors are employed, the imperative is that they be regarded simply as means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." Id. The Eleventh Circuit generally views default judgments with disfavor because of its strong policy for resolving cases on their merits. Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1244-45 (11th Cir. 2015).

With regard to these factors, I note that there is no evidence that Defendant's default was willful. While Defendant's counsel should have been more diligent to ensure that Defendant filed a timely response to the Complaint, Bryan's affidavit establishes that the failure to respond was the result of a miscommunication between lawyers, not from willful conduct, and that Bryant acted promptly to correct the default. In addition, there is nothing to indicate that Plaintiff would experience any particular prejudice in this litigation from setting aside default.

In its Motion to Set Aside Default, Defendant addresses the meritorious defense factor but provides only vague statements. For example, Defendant states that it "relied exclusively on legitimate, non-discriminatory factors when making any decision affecting the terms, conditions, and privileges of Plaintiff's employment." (Doc. 19 at 6). And, in its response to Plaintiff's Motion for Entry of Default, Defendant adds that it "is prepared to show that legitimate concerns

about Plaintiff's performance with Defendant—whether or not Plaintiff agreed—were the only motivating factors for any now challenged personnel actions." (Doc. 23 at 5-6).  Defendant has not provided a proposed answer or even a recitation of the facts supporting its defenses; there are simply no specifics to allow for a determination of whether it has any meritorious defense.  See Wehrs v. Wells, 688 F.3d 886, 890-91 (7th Cir. 2012) (conclusory general denial or bare legal conclusions fail to establish a meritorious defense for the purpose of setting aside a default judgment); Jenkens & Gilchrist v. Groia & Co., 542 F.3d 114, 120-22 (5th Cir. 2008) (litigant must present "specific facts that would constitute a defense" to establish a meritorious defense for the purpose of setting aside a default judgment); Carlisle v. Nat'l Commercial Servs., Inc., Case No. 1:14-cv-515-TWT, 2015 WL 4092817 at *10 (N.D. Ga. July 7, 2015) (citing cases).  Thus, this factor is not helpful in determining whether "good cause" exists.

A meritorious defense, however, is just one factor a court may evaluate when determining whether good cause exists to set aside the clerk's entry of default.  See Compania Interamericana Exp.-Imp., S.A., 88 F.3d at 951 (noting that "good cause" is a mutable standard varying from situation to situation and is not susceptible to a precise formula).  Considering all the circumstances, it appears that Defendant's default was inadvertent, that Defendant's counsel acted promptly to

correct the default, and that Plaintiff will suffer no prejudice if the Court sets aside the entry of default. Based on these factors, and the Eleventh Circuit's strong policy for resolving cases on their merits, I find that "good cause" exists to set aside the clerk's entry of default.

Accordingly, I **RECOMMEND** that Defendant's Motion to Set Aside the Clerk's Entry of Default (Doc. 19) be **GRANTED** and that Defendant's Motion for Entry of Default Judgment (Doc. 20) be **DENIED**.

**SO REPORTED AND RECOMMENDED**, this 1st day of April, 2016.

*[signature: Catherine Salinas]*

Catherine M. Salinas
United States Magistrate Judge